UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62570-CIV-ROSENBAUM/SELTZER

MILLENIUM INDUSTRIES NETWORK,
INC.,

    Plaintiff,

vs.

EDWIN E. HITTI, *et al.*,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT IN LIGHT OF AMENDED COMPLAINT**

This matter is before the Court upon Plaintiff's Omnibus Motion for Final Judgment After Default [D.E. 116] and Plaintiff's Status Report [D.E. 117] submitted in response to this Court's Order to Show Cause [D.E. 115]. In response to this Court's Order to Show Cause, Plaintiff filed its Motion for Default Judgment against twelve Defendants[1] who had been served but failed to answer Plaintiff's Amended Complaint [D.E. 7]. D.E. 116. In its Status Report, Plaintiff also sought leave to amend its Amended Complaint and add two additional parties, "resume" against a Defendant that had not been served, and drop another Defendant. See D.E. 117 at 2. This Court granted Plaintiff's request amend its Amended Complaint via a separate Order. D.E. 120.

---

[1]These twelve Defendants are Edwin E. Hitti, Ronald Hitti, Arabcham, Who's Who Media Group, Ltd., Who's Who Media Canada, Hitti Group, Inc., Adobe Public Residence, Echo Media International, Ron-Dal Investments, Hitti Holdings, Boa Entertainment, and New Online Trading Canada.

Plaintiff did not explicitly assert joint and several liability against all Defendants originally, but demanded, among other things, general damages of $2,874,734.22 from all fifteen original Defendants. *See* D.E. 7. Plaintiff's Motion for Default Judgment contends that the twelve Defendants addressed there are jointly and severally liable for general damages of $2,974,734.22.[2] D.E. 116 at 6. Plaintiff nowhere addresses whether the two unserved original Defendants or the two new Defendants are jointly or severally liable for these damages as well, nor does Plaintiff explain how its amended Complaint may alter allegations of liability against the twelve defaulting Defendants.

Where there are multiple defendants and the potential of joint and several liability, the default of some of those defendants creates the possibility of inconsistent liability if a default judgment is awarded against the defaulting defendants but the non-defaulting defendants subsequently prevail on the merits. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2690 (3d ed. 1998) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984). This rule extends to cases where defaulting and non-defaulting defendants have closely related defenses. Wright & Miller, § 2690. On the other hand, if a non-defaulting party is not jointly and severally liable, or its defense is distinct and unavailable to the defaulting party, a default judgment may be appropriate against the defaulting parties. *See id.*

Accordingly, in light of Plaintiff's anticipated filing of an amended Complaint, it is

---

[2]Plaintiff does not explain the $100,000 increase in its general damages figure, and the supporting affidavit submitted with the Motion for Default Judgment uses the $2,874,734.22 figure. This leads the Court to suspect the larger figure is a typographical error, albeit one that was repeated consistently throughout Plaintiff's Motion.

2

**ORDERED and ADJUDGED** that Plaintiff's Omnibus Motion for Final Judgment After Default [D.E. 116] is **DENIED AS MOOT**.  Should any current or newly added Defendants default after service of the amended Complaint, Plaintiff may update and renew its Motion.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 24th day of September 2012.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record