# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 11-62570-CIV-ROSENBAUM/HUNT

MILLENNIUM INDUSTRIES NETWORK,
INC.,

      Plaintiff,

v.

EDWIN E. HITTI, *et al.*,

      Defendants.

_____/

### ORDER ON MOTION TO DISMISS

This matter is before the Court on Defendant ASAP Transaction Processing Corporation, Ltd.'s Motion to Dismiss Third Amended Complaint [ECF No. 195]. The Court has considered Plaintiff's Third Amended Complaint, Defendant's Motion, and all supporting and opposing filings, and is otherwise fully advised in the premises. For the reasons stated below, the Court grants Defendant's Motion.

### I. Background

Plaintiff Millenium Industries Network, Inc., is a web-based merchant that must use payment-processing services to conduct its web-based bank card transactions. ECF No. 194 at ¶ 1. So, in order for Millenium to be able to accept credit and debit cards as payment for its products sold online, Millenium requires a payment processor that is sponsored by a bank, which, in turn, is authorized by Visa or MasterCard to accept and process transactions made with these cards. *Id.* According to Plaintiff's Third Amended Complaint, Defendants are payment-processing individuals and entities "who introduced Millenium to one another, who participated in the administration of

Millenium's accounts, who maintained custody of Millenium's funds and who ultimately converted at least $2,874,734.22" of funds paid to Millenium by its customers and deposited with Defendants. *Id.* Millenium avers that although it has made repeated requests for the return of the funds at issue, Defendants have refused to give them back or account for their whereabouts. *Id.*

Therefore, Millenium has sued Defendants for fraud (Count 1), money had and received (Count II), accounting (Count III), conversion (Count 4), unjust enrichment (Count 5), violation of the Florida Deceptive and Unfair Trade Practices Act (Count 6), and violation of Section 772.11, Fla. Stat. (Count 7).

## II. Discussion

### A. Personal Jurisdiction

Defendant ASAP moves to dismiss the Third Amended Complaint for lack of personal jurisdiction. ASAP is an entity organized under the laws of Hong Kong, and it maintains its principal place of business in Hong Kong. *See* ECF No. 194 at 2. According to ASAP, it has no contacts with the state of Florida that would subject it to the Court's jurisdiction. Plaintiff maintains that jurisdiction exists, as it alleges that ASAP committed a tortious act within this state.

In order to determine whether a district court has personal jurisdiction over non-resident defendants, the court must undertake a two-part analysis. First, the court determines whether the Florida long-arm statute provides a basis for jurisdiction. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). If so, the court then evaluates whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy "traditional notions of fair play and substantial justice." *Id.* (quoting *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996)) (internal quotation marks omitted). A motion to dismiss for lack of personal jurisdiction

-2-

should be denied "if the plaintiff alleges sufficient facts in [her] complaint to support a reasonable inference that defendant can be subjected to jurisdiction within the state." *Bracewell v. Nicholson Air Serv., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982) (citing *Prod. Promotions, Inc. v. Cousteau*, 495 F.2d 483, 491 n.8 (5th Cir. 1974)).

Plaintiff contends that long-arm jurisdiction over ASAP exists pursuant to § 48.193(1)(a)(2), Fla. Stat.  Section 48.193(1)(a)(2) confers jurisdiction over a non-resident defendant who commits a "tortious act within this state."  In this regard, Plaintiff avers that ASAP committed a tort in Florida by soliciting Plaintiff's business and subsequently converting Plaintiff's funds.  In brief, Plaintiff claims that, through ASAP, Plaintiff contracted with Defendants Bank of East Asia ("BEA") and Fubon Bank to process Plaintiff's online payments and act as financial intermediaries between Plaintiff, as an online merchant, and the banks that issue the credit cards used by customers to make online purchases.  ECF No. 194 at ¶ 15.  ASAP, in turn, served as a payment gateway, which protects credit-card transactions by encrypting sensitive information. *Id.* at ¶ 16.  According to Plaintiff, BEA and Fubon failed to reimburse certain funds as required under the credit-card association rules and purportedly misappropriated nearly three-million dollars. *Id.* at ¶ 24.  A question exists as to whether the disputed funds were subsequently transferred to ASAP's possession.  Plaintiff posits that the Court has jurisdiction over ASAP because ASAP knowingly solicited business from a Florida entity, and the resulting processing relationship that the parties created forms the basis for this lawsuit.  The Court respectfully disagrees.

Although ASAP was not physically present in Florida when the alleged torts were committed, as the disputed funds were allegedly misappropriated and held overseas, the Florida Supreme Court has held that a defendant's physical presence in the state is not required in order to "commit a

tortious act," and personal jurisdiction may be predicated on a non-resident defendant's telephonic, electronic, or written communications so long as the cause of action arises from those communications. *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002). In other words, the claims must stem "from the communications on which the plaintiff [is] attempting to predicate long-arm jurisdiction." *Canale v. Rubin*, 20 So. 3d 463, 469 (Fla. 2d DCA 2009). This finding is necessary, the Florida Supreme Court has articulated, because of the "connexity requirement" contained in § 48.193(1), Fla. Stat. *Wendt*, 822 So. 2d at 1260.

Here, Plaintiff maintains that the emails exchanged between Plaintiff and ASAP's representatives confer personal jurisdiction over ASAP because those emails established the parties' payment-processing relationship. This is insufficient under the Florida long-arm statute, which requires a distinct connection between the defendant's communication and the alleged tort. In this regard, Florida courts have generally required that the communications themselves be alleged to be tortious. For example, Florida courts have upheld jurisdiction where the communications at issue were alleged to be defamatory, *see Achievers Unlimited, Inc. v. Nutri Herb, Inc.*, 710 So. 2d 716, 718 (Fla. 4th DCA 1998), or fraudulent, *see Deloitte & Touche v. Gencor Indus., Inc.*, 929 So. 2d 678 (Fla. 5th DCA 2006). Where, however, none of the alleged causes of action would depend upon proof of either the existence or the content of the communications from the non-resident defendant into Florida, personal jurisdiction will not lie. *Carlyle v. Palm Beach Polo Holdings, Inc.*, 842 So. 2d 1013, 1017 (4th DCA 2003).

In this case, even if the parties' business relationship resulted from communications transmitted into this state, to hold that the torts purportedly committed thereafter arose simply by virtue of that relationship would violate the jurisdictional rules imposed by the Florida legislature.

Indeed, the Florida Supreme Court has emphasized that § 48.193(1)(a)(2) requires a sufficient nexus between the cause of action and the non-resident defendant's in-state contacts. *See Wendt*, 822 So. 2d at 1260. There is simply too great a disconnect between the emails and the claims alleged in this lawsuit to fall within the confines of the long-arm statute. A contrary conclusion would allow courts to exercise jurisdiction over virtually any foreign defendant as long as some communication into the state transpired, regardless of the causes of action asserted. Such an outcome is not contemplated by the statute. Moreover, long-arm statutes and assertions of jurisdiction under them must be strictly construed in favor of the non-resident defendant. *Core Indus., Inc. v. Agostinelli*, 591 So. 2d 207, 210 n.4 (Fla. 4th DCA 1991). For these reasons, Plaintiff has not sufficiently alleged personal jurisdiction over ASAP, and therefore, the Motion to Dismiss is granted.

### B. Jurisdictional Discovery

In its Response to the Motion to Dismiss, Plaintiff requests that the Court allow it to conduct jurisdictional discovery should the Court determine that jurisdiction over ASAP is lacking. It appears that Plaintiff seeks discovery in order to demonstrate that ASAP's business dealings in Florida show a general course of business activity in the state, thus falling within the gambit of § 48.193(1)(a)(1), Fla. Stat.

It is true that a plaintiff has a qualified right to jurisdictional discovery, and a district court's decision to deny such discovery is not entirely discretionary. *See Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1145 (S.D. Fla. 2007) (citing *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727 (11th Cir. 1982)). Nonetheless, "the decision to allow jurisdictional discovery is very much a product of the timing and nature" of the request. *Id.* at 1146. The purpose of jurisdictional discovery is to ascertain the truth of the allegations underlying the assertion of personal jurisdiction—"it is not a

-5-

vehicle for a 'fishing expedition' in hopes that discovery will sustain the exercise of personal jurisdiction." *JMA, Inc. v. Biotronik SE & Co. KG*, No. 12-CV-23466, 2013 WL 1402322, at *5 (S.D. Fla. Apr. 5, 2013) (quoting *Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1380 (N.D. Ga. 2013)) (internal quotation marks omitted).  Thus, the right to jurisdictional discovery is not absolute, and the party making such a request must demonstrate that the discovery it seeks will likely lead to evidence that supports an assertion of personal jurisdiction.

Here, Plaintiff is not attempting to acquire evidentiary support for its jurisdictional allegations.  On the contrary, Plaintiff is asking this Court to allow it to conduct discovery in order to assert a new basis for jurisdiction.  While Plaintiff initially sought to prove that ASAP conducted tortious activity within the state, Plaintiff now seeks evidence concerning ASAP's business activities in Florida.  But Plaintiff has not made a sufficient showing in this respect.  In particular, Plaintiff contends that the Florida long-arm statute contemplates personal jurisdiction over a defendant who conducts business in the state, but Plaintiff does not elucidate what information it believes it will procure through discovery.  Instead, Plaintiff avers that ASAP has not sufficiently explained its business activities in Florida.  *See, e.g.*, ECF No. 210 at 11 ("There are no facts in the Motion which set out the scope and volume of ASAP's processing relationships with Florida merchants or transactions processed for Florida consumers.").  Plaintiff, however, misstates the parties' burdens in this context.  It is not ASAP's burden to plead a lack of jurisdiction; rather, the initial burden rests with Plaintiff to show a basis for jurisdiction.  *See Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).  Furthermore, in conjunction with its Motion to Dismiss, ASAP submitted a sworn affidavit attesting to its lack of contacts with Florida.  Plaintiff has not rebutted any of the assertions contained therein.

Plaintiff's request contains no information from which to infer that jurisdictional discovery would be fruitful.  Indeed, Plaintiff admits that "it has no facts to make the subject showing" and states simply that discovery will allow it to obtain information concerning "the nature and scope of ASAP's actual business relationship with Florida merchants and consumers."  ECF No. 210 at 11. Plaintiff's contention that discovery will shed light on ASAP's in-state contacts is unsupported by the allegations, and Plaintiff has not specified with sufficient particularity what it believes will be ascertained through discovery.  Ultimately, Plaintiff has failed to show that further discovery would generate facts necessary to prove that the Court has personal jurisdiction over ASAP.  The Court declines to authorize such an unguided inquest, particularly at this point in the litigation.

Moreover, Plaintiff has not affirmatively sought jurisdictional discovery.  Plaintiff has not filed a motion containing such a request, nor has it sought a stay of this motion pending jurisdictional discovery.  Rather, Plaintiff merely inserted the request in its opposition brief to ASAP's Motion to Dismiss.  And, in the time since ASAP filed the present Motion, no indication exists that Plaintiff has undertaken any discovery on the matter.  For these reasons, jurisdictional discovery is not warranted in this case.  *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (denial of jurisdictional discovery was not improper where plaintiffs' only allusion to jurisdictional discovery was in their opposition to the motion to dismiss and no discovery efforts were made in the months between the time plaintiffs filed the complaint and the time it was dismissed); *see also United Techs. Corp. v. Mazer*, 556 F.3d 1260 (11th Cir. 2009) ("[Plaintiff] failed to take any of these reasonable steps to seek discovery, or a deferral of a ruling pending discovery . . . The district court, therefore, did not so much deny discovery as it dismissed the case before discovery was taken." (citation and internal quotation marks omitted)).  Plaintiff's request is therefore denied.

### III. Conclusion

For the foregoing reasons, Defendant ASAP Transaction Processing Corporation, Ltd.'s

Motion to Dismiss Third Amended Complaint [ECF No. 195] is **GRANTED**, and the case is

**DISMISSED WITH PREJUDICE** as to Defendant ASAP Transaction Processing Corporation,

Ltd.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of January 2014.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

-8-