UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 11-62570-CIV-ROSENBAUM/HUNT

MILLENIUM INDUSTRIES NETWORK
INC., a Delaware Corporation,

    Plaintiff,

v.

EDWIN E. HITTI, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Defendant ASAP Transaction Processing Corporation Limited's Verified Motion for Attorney's Fees, filed on February 10, 2014. ECF No. 228. On March 27, 2014, the Honorable Robin S. Rosenbaum referred ASAP's Verified Motion to the undersigned United States Magistrate Judge for report and recommendation. ECF No. 234; see also 28 U.S.C.A. § 636; S.D. Fla. L.R., Mag. R. 1. After carefully reviewing ASAP's Verified Motion, the entire case file, and the applicable law, and being otherwise duly advised in the premises, it is hereby recommended that ASAP's Verified Motion for Attorney's Fees be DENIED, as fully set forth below.

BACKGROUND

On March 12, 2013, Plaintiff filed its Third Amended Complaint including various counts against ASAP under the Florida Deceptive and Unfair Trade Practices Act, sections 501.201–.213, Florida Statutes ("FDUTPA"), and under section 772.11, Florida Statutes, requesting a civil remedy for theft or exploitation. See ECF No. 194. On March, 26, 2013, Defendant ASAP moved to dismiss Plaintiff's Third Amended Complaint for lack of personal jurisdiction and, in the alternative, for failing to state a claim upon which relief could be granted. See ECF No. 195. On January 28, 2014, this Court granted Defendant ASAP's Motion to Dismiss for lack of personal jurisdiction. See ECF No. 227 at 5 ("Plaintiff has not sufficiently alleged personal jurisdiction over ASAP, and therefore, the Motion to Dismiss is granted."). This Court did not reach the merits of Plaintiff's claims against Defendant ASAP.

Defendant ASAP now argues that it is entitled to an award of attorney's fees under sections 501.2105(1) and 772.11(1), Florida Statutes. Plaintiff is no longer represented by counsel and has not filed a response to Defendant ASAP's Verified Motion for Attorney's Fees.

ANALYSIS

A.   **Choice of Law**

"In a diversity case, a federal court applies the substantive law of the forum state, unless federal constitutional or statutory law is contrary." Ins. Co. of N. Am. v. Lexow, 937 F.2d 569, 571 (11th Cir. 1991) (citing Salve Regina Coll. v. Russell, 499 U.S. 225 (1991)). In doing so, this Court "is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest

court would decide the issue otherwise." Silverberg v. Paine, Webber, Jackson & Curtis, Inc._, 710 F.2d 678, 690 (11th Cir.1983).  Here, this Court must apply Florida law.

### B.     Entitlement to Attorney's Fees

Florida follows the "American Rule" that, generally, attorney's fees may only be awarded pursuant to a statutory or contractual right.  Dade Cnty. v. Pena, 664 So. 2d 959, 960 (Fla. 1995) (citing Fla. Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1148 (Fla. 1985), modified, Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828 (Fla. 1990)).  Statutes providing for the award of attorney's fees must be strictly construed.  Id.  (citing Gershuny v. Martin McFall Messenger Anesthesia Prof'l Ass'n, 539 So. 2d 1131, 1132 (Fla. 1989)).

First, Defendant ASAP argues that it is entitled to fees as the prevailing party under section 501.2105(1), Florida Statutes (2013).  Section 501.2105(1) provides as follows:  "In any civil litigation resulting from an act or practice involving a violation of this part . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party."  To recover fees under section 501.2105(1), there must first be a judgment on *liability*.  Nolan v. Altman, 449 So. 2d 898, 900 (Fla. 1st DCA 1984) (citing B & L Motors, Inc. v. Bignotti, 427 So. 2d 1070, 1072 (Fla. 2d DCA 1983)); cf. Maale v. Kirchgessner, No. 08-80131, 2011 WL 1549058, at *2 (S.D. Fla. April 22, 2011) (holding that order dismissing case for lack of jurisdiction does not render either party a "prevailing party" because there has been no determination on merits of claim).  ASAP argues that it is the prevailing party under section 501.2105 because Plaintiff's case was dismissed with prejudice.  ECF No. 228 at 3.  Though this Court used the language

3

"with prejudice" when dismissing Plaintiff's claims against Defendant ASAP, it is clear that such was only intended to prevent Plaintiff from amending its complaint again in this jurisdiction.  This Court's Order granting Defendant ASAP's Motion to Dismiss was purely centered on the issue of personal jurisdiction and did not reach the merits of Plaintiff's claims.  Thus, Plaintiff is not barred from bringing its FDUTPA claim against ASAP in the proper jurisdiction.  Accordingly, Defendant ASAP is not a prevailing party under section 501.2105(1), and it is recommended that ASAP's motion for attorney's fees under section 501.2105(1) should be DENIED.

Second, Defendant ASAP argues that it is entitled to fees under section 772.11(1), entitled "Civil remedy for theft or exploitation," which statute served as a basis for one of Plaintiff's claims against ASAP.  Section 772.11(1) permits the award of attorney's fees to a defendant "in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support."  ASAP maintains that it is entitled to attorney's fees because Plaintiff's case was dismissed for lack of personal jurisdiction, which required this Court to find that there was no basis in law or fact to support Plaintiff's invocation of this Court's jurisdiction.  However, a plain and strict reading of the language cited by ASAP yields the conclusion that such requires the *merits* of the section 772.11 claim to be "without substantial fact or legal support"—not simply an ancillary jurisdictional issue.  See Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So. 2d 276, 278 (Fla. 2003) (holding that award of fees under statute must be strictly construed because such is in derogation of common law rule that parties bear their own costs of litigation).  As previously stated, this Court has not reached the merits of Plaintiff's claims against Defendant ASAP.  Thus, there can be no

4

determination of whether Plaintiff's substantive claims are without substantial factual or legal support, which could justify an award of attorney's fees.  Furthermore, ASAP has not provided this Court with authority directly supporting an award of attorney's fees under the instant circumstances—a dismissal for lack of jurisdiction.  Accordingly, it is recommended that Defendant ASAP's request for attorney's fees under section 772.11(1) be DENIED.

### RECOMMENDATION

Based on the foregoing analysis, the undersigned respectfully RECOMMENDS that Defendant ASAP's Verified Motion for Attorney's Fees, ECF No. 228, be DENIED. The parties have fourteen (14) days after service of a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Robin S. Rosenbaum, United States District Judge.  See 28 U.S.C. § 636(b)(1) (providing procedure for review of magistrate judge report and recommendation).  Failure to timely file objections shall bar the parties from a de novo determination by Judge Rosenbaum of any issue covered in the Report and shall bar the parties from challenging, on appeal, the factual findings accepted or adopted by this Court, except upon grounds of plain error or manifest injustice.  See Thomas v. Arn, 474 U.S. 140, 145–53 (1985) (citing United States v. Walters, 638 F.2d 947, 949–50 (6th Cir. 1981)) (holding that party waives appellate review of magistrate judge's factual findings that were not objected to within period prescribed by 28 U.S.C. § 636(b)(1)); see also Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013) (holding that under current Eleventh Circuit rule: "[T]he failure to object limits the scope of our appellate review to plain error review of the magistrate judge's *factual findings*[; however,] failure to object to the magistrate judge's

*legal conclusions* does not preclude the party from challenging those conclusions on appeal.").

DONE AND SUBMITTED at Fort Lauderdale, Florida this 12th day of May 2014.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Robin S. Rosenbaum

All Counsel of Record

Millennium Industries Network Inc.
c/o Registered Agent, American Incorporators Ltd.
1013 Centre Road
Suite 403-A
Wilmington, DE 19805