UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62570-CIV-ROSENBAUM/HUNT

MILLENNIUM INDUSTRIES NETWORK,
INC.,

        Plaintiff,

v.

EDWIN E. HITTI, *et al.*,

        Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant ASAP Transaction Processing Corporation, Ltd.'s Motion for Attorney's Fees [ECF No. 228], which was previously referred to the Honorable Patrick M. Hunt for a Report and Recommendation. *See* ECF No. 234. On May 12, 2014, Judge Hunt issued a Report and Recommendation recommending that Defendant's Motion be denied. ECF No. 242. In particular, Judge Hunt concluded that Defendant is not entitled to attorney's fees because it is not a "prevailing party" in the instant litigation. *See id.* Defendant has timely filed Objections to the Report and Recommendation. ECF No. 243. Upon review, the Court finds Judge Hunt's Report and Recommendation to be well reasoned and correct and concludes that Defendant's Motion must be denied for the reasons set forth therein.

On January 28, 2014, the Court granted Defendant's Motion to Dismiss [ECF No. 195] and dismissed Plaintiff's Complaint as to Defendant ASAP for lack of personal jurisdiction. ECF No. 227. In particular, the Court found that the allegations in the Complaint failed to establish long-arm jurisdiction over Defendant under § 48.193(1)(a)(2), Fla. Stat. The Court also denied Plaintiff's

request to engage in jurisdictional discovery because Plaintiff had not demonstrated that such discovery would be fruitful. As a result, the Court declined to allow Plaintiff to amend its jurisdictional allegations and dismissed the action "with prejudice."

As a result of this dismissal, Defendant now moves for attorney's fees pursuant to § 501.2105, Fla. Stat., and § 772.11, Fla. Stat., on the grounds that it is a prevailing party in this matter. Section 501.2105, Fla. Stat., which governs attorney's fees under the Florida Deceptive and Unfair Trade Practices Act, provides that "the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." Similarly, § 772.11, Fla. Stat., which creates a cause of action for civil theft, allows a defendant to recover reasonable attorney's fees "upon a finding that the claimant raised a claim that was without substantial fact or legal support." The Court agrees with Judge Hunt that Defendant is not entitled to attorney's fees under either statute.

According to the plain language of § 501.2105, Fla. Stat., a party may recover attorney's fees only after a *judgment* has been entered. *See Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 368 (Fla. 2013) ("[T]o recover attorney's fees in a FDUTPA action, a party must prevail in the litigation; meaning that the party must receive a favorable judgment from a trial court with regard to the legal action, including the exhaustion of all appeals."); *Black Diamond Props., Inc. v. Haines*, 36 So. 3d 819, 821 (Fla. 5th DCA 2010) ("[S]ection 501.2105(1) . . . requires that there be an entry of judgment before attorney's fees can be awarded."). Here, the Court dismissed the Complaint

solely on jurisdictional grounds, and it is indisputable that no judgment has been entered in this case.[1]  Accordingly, Defendant is not entitled to attorney's fees under this provision.

An award of attorney's fees under § 772.11, Fla. Stat., requires a finding that Plaintiff's claims lacked substantial factual or legal support.  As the Court addressed only Plaintiff's jurisdictional allegations and made no conclusion as to the merits of Plaintiff's substantive claims, the Court cannot make this required finding.  Although Defendant insists that Plaintiff's failure to adequately plead jurisdiction satisfies this standard, Defendant's reasoning is flawed.  Plaintiff's failure to allege sufficient facts supporting jurisdiction over Defendant has no bearing on whether Plaintiff's statutory civil-theft claim had merit.  Because the Court has made no determination with respect to the sufficiency of Plaintiff's claims, Defendant's request for attorney's fees under § 772.11 must be denied.

---

[1] Defendant contends that the Order dismissing the Complaint is akin to a "judgment" because it effectively "determine[d] the rights of the parties."  This argument lacks merit.  First, the Court made no determination as to the parties' respective rights; it simply concluded that Plaintiff's claims must be brought in another forum where jurisdiction over Defendant lies.  Moreover, Florida courts have consistently held that in order to recover attorney's fees under § 501.2105, an actual judgment must be entered as to liability.  *See, e.g.*, *Nolan v. Altman*, 449 So. 2d 898, 900 (Fla. 1st DCA 1984) (" Unlike most statutory provisions for attorney's fees, section 501.2105 'clearly contemplates a two-step procedure under which *judgment* is first entered on *liability*, and then, after any appeals, attorney's fees are awarded.'" (emphasis in original) (quoting *B & L Motors, Inc. v. Bignotti*, 427 So. 2d 1070, 1072 (Fla. 2d DCA 1983)); *Heindel v. Southside Chrysler-Plymouth, Inc.*, 476 So. 2d 266, 269 (Fla. 1st DCA 1985) ("It is manifest . . . that to recover attorney's fees [under § 501.2105] a party must obtain a 'judgment' from the trial court. . . . In [*Nolan*], we stressed the necessity for both *the entry of judgment* and the exhaustion of appeals before attorney's fees could be awarded under chapter 501." (emphasis in original)); *Big Tomato v. Tasty Concepts, Inc.*, 972 F. Supp. 662, 664 (S.D. Fla. 1997) ("Before attorney's fees may be awarded [under § 501.2105], judgment must be *final* . . . ." (emphasis added)); *Victory Int'l (USA), LLC v. Perry Ellis Int'l, Inc.*, No. 08–20395–CIV, 2009 WL 1956236, at * 5 n. 5 (S.D. Fla. July 7, 2009) (assuming that "Fla. Stat. § 501.2105, requires a judgment on the merits.").  There can be dispute that a determination as to the Court's jurisdiction, alone, does not satisfy this requirement.

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

1. Magistrate Judge Hunt's Report and Recommendation [ECF No. 242] is hereby **ADOPTED**;

2. Defendant ASAP Transaction Processing Corporation, Ltd.'s Motion for Attorney's Fees [ECF No. 228] is **DENIED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 19th day of May 2014.

                                                  ROBIN S. ROSENBAUM
                                                  UNITED STATES DISTRICT JUDGE

Copies furnished to:

The Honorable Patrick M. Hunt

Counsel of record

Millennium Industries Network Inc.
c/o Registered Agent, American Incorporators, Ltd.
1013 Centre Road
Suite 403-A
Wilmington, DE 19805